# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES EX REL. SOLLOG
IMMANUEL ADONAI-ADONI,
        Petitioner,

v.

PRISON HEALTH SERVICES, et al,
        Respondents.

Civil Action No. 06-4491

## MEMORANDUM/ORDER

Petitioner has filed a "First Request for Discovery and a Motion to Compel

Discovery" (Docket No. 2) in the above-captioned habeas action.[1]  Petitioner's discovery

request seeks "complete" records about himself from Prison Health Services, the

Philadelphia Prison System, the District Attorney's Office, the Secret Service, the Federal

Bureau of Investigation, and Aramark Corp.  He additionally seeks records about himself

from several employees of the aforementioned entities.  For the reasons explained herein,

I will deny petitioner's motion.

---

[1] The action was referred to Magistrate Judge Caracappa for a Report and
Recommendation, which was received by this court on June 28, 2007.

Rule 6 of the Rules Governing §2254 Cases in the United States District Courts[2] provides that "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ."  The decision whether to permit discovery is within the discretion of the district court.  "In order to establish good cause a petitioner must point to specific evidence that might be discovered that would support a constitutional claim."  *Taylor v. Carroll*, No. 03-07, 2003 WL 22075693, at *1 (D. Del. Aug. 29, 2003) (citing *Marshall v. Hendricks*, 103 F. Supp. 2d 749, 760 (D.N.J. 2000), *rev'd in part on other grounds*, 307 F.3d 36 (3d Cir. 2002) (internal quotations omitted)).

Petitioner requests discovery "to verify the allegations put forth in his petition." Mot. at 9.  He does not "point to specific evidence that might be discovered that would support a constitutional claim" and has thus failed to establish good cause for the discovery sought.  *Taylor*, 2003 WL 22075693, at *1.  Moreover, the court is of the opinion at this time that it can fully and fairly evaluate the habeas petition without the materials that petitioner seeks.  Accordingly, the motion will be denied.

AND NOW, this 17th day of August, 2007, petitioner's "First Request for Discovery and Motion to Compel Discovery" is DENIED.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.

---

[2]  I will apply the Habeas Rules to petitioner's § 2241 petition pursuant to Rule 1(b).