**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SOLLOG IMMANUEL ADONAI-ADONI,

        Petitioner,

        v.

PHS- Prison Health Services, et al.,

        Respondents.

Civil Action No. 06-4491 (MLC)

O P I N I O N

FILED
MAR 11 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, Pro Se, #684439
5645 Coral Ridge Drive, #216
Coral Springs, FL 33076

Molly Selzer Lorber, Esq.
Philadelphia District Attorney's Office
3 South Penn Square, Philadelphia, PA 19107
Attorney for Respondents

**COOPER, District Judge**

Petitioner filed this habeas petition, pursuant to 28 U.S.C. § 2241, asserting violations of his constitutional rights. Respondents filed an Answer on June 13, 2007 (docket entry 10), and a Report and Recommendation was entered on June 28, 2007 (docket entry 13). Outstanding issues remain in this case, which this Court, by way of this Opinion and an Order, now addresses.

## BACKGROUND

According to the Report and Recommendation filed by the Magistrate Judge on June 28, 2007, Petitioner is a Pennsylvania state prisoner. On or about October 10, 2006, he filed the

within petition seeking habeas relief from his state conviction of May 29, 1996, claiming that several of his constitutional rights were violated, and he was illegally extradited. Respondents' answer to the petition asserted that the claims were time-barred, and barred by the "second or successive" rule governing habeas actions, which states that a petitioner may not file a second or successive habeas petition without authorization from the appropriate circuit court. See 28 U.S.C. §§ 2244(d) (time bar), 2244(b) (second or successive rule). The Magistrate Judge agreed that the petition was time-barred, and noted that most of Petitioner's claims should have been brought under the civil rights statute, rather than the habeas statute. Without reaching Petitioner's substantive arguments, the Judge held that since Petitioner's conviction became final in June of 1996, and he did not file this habeas petition until October 2006, the petition was untimely under 28 U.S.C. § 2244(d).

After filing the Report and Recommendation, the Magistrate Judge filed an Order denying Petitioner's pending motions for summary judgment (docket entries 5 and 12). However, Petitioner objected to the Order as a violation of the Magistrate Judges' Act, and, by Order dated August 15, 2007 (docket entry 21), the Magistrate Judge vacated the order denying the summary judgment motions. The motions were forwarded to the District Judge for consideration.

Because the Magistrate Judge had vacated the Order denying the summary judgment motions, the District Judge assigned to the case at the time, the Honorable Louis H. Pollak, dismissed Petitioner's objections as moot by Order entered August 31, 2007 (docket entry 23). Judge Pollak noted that the motions for summary judgment would remain with the District Judge for consideration.

This case was reassigned to the undersigned on March 6, 2008. Currently before the Court are Petitioner's two outstanding motions for summary judgment (docket entries 5 and 12).

## DISCUSSION

Listed as docket entry 5, Petitioner's first motion for summary judgment argues that, because Respondents had not yet filed a response to the Order to Answer issued by the Court, the Petitioner was entitled to a declaratory judgment of summary judgment under Rule 56(a).

Petitioner's second motion for summary judgment, docket entry 12, argues that Respondents' answer did not deny averments, except one averment concerning his alleged escape from custody. Petitioner states that Respondents' answer demonstrates that there was no escape on January 3, 1996, and therefore, his 2005 extradition was illegal.[1] This Court notes that Respondents'

---

[1] The Court notes that the first four pages of Petitioner's filing is a reply to Respondents' answer. The motion for summary judgment begins on the fifth page of the submission.

3

answer to the petition addresses the procedural aspects of Petitioner's petition, stating in a footnote that they have not addressed the merits of the petition and do not waive any affirmative defenses. (Docket entry 10, p. 6, n.3).

To succeed on a summary judgment motion, a party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. N.Y. Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must- by affidavits or as otherwise provided in this rule- set out specific facts showing a genuine issue for trial. If the

4

>     opposing party does not so respond, summary judgment
>     should, if appropriate, entered against that party.

Fed. R. Civ. P. 56(e).

In his first motion for summary judgment, Petitioner here mistakes the Rule's requirement that the party opposing the summary judgment motion respond to that motion, with the requirement that Respondents answer the pleading. Petitioner argues that because Respondents had not, at that point, denied averments to his petition in an answer, that summary judgment should be issued to Petitioner. In his second motion, Petitioner does not demonstrate that there is no genuine issue of material fact: to the contrary, he illustrates a genuine issue of material fact as to the date he "allegedly escaped."

Thus, Petitioner does not show, in either motion, that there was no genuine issue as to any material fact set forth in his case, as required for summary judgment. In his first motion, he simply states that he is entitled to summary judgment, because an answer had not yet been filed, and because: "The petition in this matter states copious legal reasons for this court to grant a Writ of Habeas Corpus to the Petitioner for admitted violations of Due Process and Cruel and Unusual Punishment." (Docket entry 5, ¶ 5). Petitioner is not entitled to summary judgment based on that statement. As noted, in the second motion, Petitioner asserts that Respondents somehow admitted to an issue in his

favor, when a review of the answer shows that Respondents' answer dealt with procedural issues only.

Further, the Court notes that the Report and Recommendation have been entered, dismissing the petition as time-barred. That procedural finding, which justifies closing this matter, renders the pending summary judgment motions moot. Due to the finding that the petition is time-barred, the facts and law of the substantive issues underlying Petitioner's petition need not be addressed.

## CONCLUSION

For the foregoing reasons, Petitioner's motions for summary judgment (docket entries 5 and 12) are hereby denied. The Court will issue an appropriate Order.

                                            s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge
                                         District of New Jersey
                                         Sitting by Designation

Dated:   March 10, 2009

```
              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF PENNSYLVANIA


SOLLOG IMMANUEL ADONAI-ADONI,   :
                                :  Civil Action No. 06-4491 (MLC)
              Petitioner,       :
                                :
         v.                     :         O R D E R
                                :
PHS-Prison Health Services,     :
et al.,                         :
                                :
              Respondents.      :
_____:
```

For the reasons set forth in this Court's Opinion, dated March 10, 2009, **IT IS** on this      10th      day of March, 2009;

**ORDERED** that Petitioner's motions for summary judgment (docket entries 5 and 12), are hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.


                              s/ Mary L. Cooper
                           **MARY L. COOPER**
                           United States District Judge
                           District of New Jersey
                           Sitting by Designation